**United States District Court**

For the Northern District of California

1

2

3

4

5                UNITED STATES DISTRICT COURT

6                NORTHERN DISTRICT OF CALIFORNIA

7

8   PAUL D. COLE,                              No. C-03-5643 EMC

9            Plaintiff,

10       v.                                    **ORDER RE DEFENDANTS' LETTER
                                               OF JUNE 6, 2005**
11   DOE 1 THRU 2 OFFICERS OF THE CITY
     OF EMERYVILLE POLICE
12   DEPARTMENT,

13           Defendants.
     _____/
14

15

16       Defendants filed a letter on June 6, 2005, asking the Court to review their objections to

17   certain document requests propounded by Plaintiff Paul D. Cole, namely Requests Nos. 2-4.

18   Request No. 2 asks for all documents relating to Mr. Cole; Request No. 3 asks for all documents

19   relating to Defendant Edward Mayorga's job performance; and Request No. 4 asks for all documents

20   relating to Defendant Robert Alton's job performance.  Defendants object to the requests on the basis

21   of California Penal Code § 832.7 and the right to privacy under the California Constitution as well as

22   on the basis of relevance.

23       The Court agrees that relevance is a problem -- or rather that, as framed, the document

24   requests are overbroad.  For example, given the allegations in Mr. Cole's amended complaint,

25   documents related to any alleged unreasonable search or seizure by the individual officers or

26   documents related to any alleged racial discrimination by the individual officers would be relevant.

27   In addition, documents that directly reflect upon the individual officers' credibility would be relevant

28   (*e.g.*, alleged instances of untruthfulness).  However, documents related to the individual officers'

**United States District Court**

For the Northern District of California

1   job performance generally reaches too broadly.  *See Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D.

2   Cal. 1992) (concluding that the documents related to the officer-defendants' misuse of firearms or

3   equipment, racism, or prejudice need not be produced because the plaintiffs' complaint did not allege

4   any claims regarding such).

5          That being said, Defendants objections on the basis of California Penal Code § 832.7 and the

6   right to privacy under the California Constitution are not well taken.  Mr. Cole pleads in his amended

7   complaint both federal claims (based on 42 U.S.C. § 1983) and state claims, all of which are

8   predicated on the same incident.  Accordingly, federal law on privilege applies, not state.  *See*

9   *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978) (stating that, "in federal

10  question cases where pendent state claims are raised the federal common law of privileges should

11  govern all claims of privilege raised in the litigation"); *see also* 6-26 Moore's Fed. Prac. -- Civ. §

12  26.47[4] ("[I]n federal question cases in which state law claims are also raised, any asserted

13  privileges relating to evidence relevant to both state and federal claims are governed by federal

14  common law.").

15         To the extent that state law on privilege can be considered if not inconsistent with federal

16  law, *see Breed v. United States Dist. Court for Northern Dist.*, 542 F.2d 1114, 1115 (9th Cir. 1976)

17  ("The scope of an evidentiary privilege in a 42 U.S.C. § 1983 civil rights action is a question of

18  federal law.  State law may provide a useful referent, but it is not controlling."), the Court finds that

19  California Penal Code § 832.7 is not consistent with federal law.  California Penal Code § 832.7

20  provides that "[p]eace officer or custodial officer personnel records and records maintained by any

21  state or local agency pursuant to Section 832.5, or information obtained from these records, are

22  confidential and shall not be disclosed in any criminal or civil proceeding except by discovery

23  pursuant to Sections 1043 and 1046 of the Evidence Code."  Cal. Pen. Code § 832.7(a); *see also id.* §

24  832.7(f) ("Nothing in this section shall affect the discovery or disclosure of information contained in

25  a peace or custodial officer's personnel file pursuant to Section 1043 of the Evidence Code.").

26  However, as pointed out by the Court in *Miller*, California Evidence Code § 1043 is more restrictive

27  than the Federal Rules on discovery.  *See Miller*, 141 F.R.D. at 298-99; *see also Soto v. City of*

28  *Concord*, 162 F.R.D. 603, 609 n.2 (N.D. Cal. 1995) ("The federal policy on discovery is a liberal

**United States District Court**

For the Northern District of California

1  standard, and applying California privilege law, such as California Evidence Code § 1043 and Penal

2  Code § 832.5 would severely limit Plaintiff from gaining access to the police files in dispute.").

3  As for the right to privacy under the California Constitution, the Court does "give 'some

4  weight'" to this right. *Id.* at 616 ("In the context of the disclosure of police files, courts have

5  recognized that privacy rights are not inconsequential. Federal courts should give 'some weight' to

6  privacy rights that are protected by state constitutions or statutes."). However, this privacy interest

7  "must be balanced against the great weight afforded to federal law in civil rights cases against police

8  departments. 'Through constitutional amendment and national legislation the people have made it

9  clear that the policies that inform federal civil rights laws are profoundly important.'" *Id.* As in

10  *Soto*, Mr. Cole's

11  > need for the requested personnel files is great. This Court recognizes
   > that the information contained in police personnel files is unlikely to

12  > be available from any other source than Defendants' files. . . . [I]n civil
   > rights cases against police departments, plaintiffs cannot usually obtain

13  > information of comparable quality from any other source. The court in
   > *Kelly* [*v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987),] has

14  > stressed the strong public interest in uncovering civil rights violations

15  > of the type at issue in this case. These interests would be substantially
   > harmed if access to the relevant portions of the requested personnel

16  > files is denied.

17  *Id.* at 617.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

3

1    Accordingly, the Court rejects Defendants' objections on the basis of California Penal Code §

2    832.7 and the right to privacy under the California Constitution.  However, to protect the privacy

3    interests of the individual officers, documents produced shall be subject to the stipulated protective

4    order submitted by the parties which the Court shall sign today or shortly thereafter.  In addition,

5    because the document requests as currently framed are overbroad, the Court orders the parties to

6    meet and confer to narrow the scope of the requests, taking into account the guidance provided above

7    by the Court.

8

9        IT IS SO ORDERED.

10

11    Dated:  June 7, 2005

12                                                                _____
                                                                            /s/
13                                                                EDWARD M. CHEN
                                                                  United States Magistrate Judge

**United States District Court**

For the Northern District of California

4